IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Edward J. VARGA, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Edward J. VARGA, Respondent.

Supreme Court

*No. 2010AP657–D. Decided June 22, 2010.*

2010 WI 48

(Also reported in 784 N.W.2d 540.)

¶ 1. PER CURIAM. On March 12, 2010, the Office

of Lawyer Regulation (OLR) filed a complaint and motion against Attorney Edward J. Varga requesting this court revoke Attorney Varga's license to practice law as reciprocal discipline identical to that imposed by the Illinois Supreme Court. On March 16, 2009, Attorney Varga was disbarred in Illinois for multiple counts of lack of diligence and failure to refund fees.

¶ 2.   On March 17, 2010, this court issued an order to show cause directing Attorney Varga to respond to the OLR's complaint and motion. The order was sent to Attorney Varga at two different addresses. The order which had been mailed to the address Attorney Varga provided to the State Bar of Wisconsin was returned by the postal service as not deliverable. Attorney Varga signed for the order which was mailed to the address noted in the OLR's complaint, but Attorney Varga filed no response to the order to show cause.

¶ 3.   Attorney Varga was admitted to practice law in Illinois in 1989. He became licensed to practice law in Wisconsin in 1990. He resides in Illinois. Attorney Varga's license to practice law in Wisconsin is currently suspended for failure to pay State Bar dues.

¶ 4.   Attorney Varga's Illinois disbarment resulted from conduct which included 18 counts of failure to act with reasonable diligence and promptness in representing a client, 17 counts of failure to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information, 18 counts of failure to promptly refund any part of a fee paid in advance that has not been earned, 19 counts of conduct that is prejudicial to the administration of justice, 19 counts of conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute, and 1 count of failure to respond to a lawful demand for information

132

from the Illinois lawyer disciplinary authorities. (*See In re Edward Joseph Varga,* Supreme Court No. M.R. 22897, Commission No. 08 CH 18 (Ill. March 16, 2009).)

¶ 5.　Attorney Varga failed to notify the OLR of the Illinois discipline within 20 days of its effective date in violation of SCR 22.22(1).[1]

¶ 6.　Under SCR 22.22(3), in reciprocal discipline cases, this court shall impose the identical discipline unless certain exceptions are shown.[2] Attorney Varga has failed to claim any of the exceptions articulated in SCR 22.22(3), and there is no evidence in the record before the court to indicate any of these exceptions would be applicable. We therefore conclude that revocation as reciprocal discipline identical to that imposed

---

[1] SCR 22.21(1) provides:　Reciprocal discipline.

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

[2] SCR 22.22(3) states:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

by the Illinois Supreme Court is appropriate pursuant to SCR 22.22, and we direct Attorney Varga to pay the costs of this proceeding.[3]

¶ 7.   IT IS ORDERED that the license of Edward J. Varga to practice law in Wisconsin is revoked, effective the date of this order.

¶ 8.   IT IS FURTHER ORDERED that Edward J. Varga shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 9.   IT IS FURTHER ORDERED that Edward J. Varga shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.

---

[3] The OLR's costs total $42 as of May 4, 2010.